|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| PAMELA STONEBREAKER, | CASE NO. 11cv871 WQH (WVG) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| PRUCO LIFE INSURANCE COMPANY, a corporation; PATRICIA YIM COWETT, Guardian Ad Litem for minor children Kristin Stonebreaker, Kelli Stonebreaker, and Ryan Stonebreaker, | |
| Defendants. | |
| PRUCO LIFE INSURANCE COMPANY, a corporation, | |
| Counter-claimant, | |
| vs. | |
| PAMELA STONEBREAKER, | |
| Counter-defendant. | |
| PRUCO LIFE INSURANCE COMPANY, a corporation, | |
| Third-party Plaintiff, | |
| vs. | |
| KRISTIN STONEBREAKER, a minor; KELLI STONEBREAKER, a minor; RYAN STONEBREAKER, a minor, | |
| Third-party Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Pruco Life Insurance Co.'s Counterclaim and Third-party Complaint (ECF No. 16) and the Motion for Summary Judgment (ECF No. 23) filed by Plaintiff Pamela Stonebreaker; and the Motion to Interplead and Dismiss filed by Pruco Life Insurance Co. (ECF No. 17).

## I.  Background

This case was initiated on April 22, 2011 when Defendant Pruco Life Insurance Company ("Pruco") removed the Complaint filed by Pamela Stonebreaker in the Superior Court of California for the County of San Diego. Plaintiff asserts a claim for breach of contract and a claim for breach of the implied covenant of good faith and fair dealing.

On April 22, 2011, Defendant Pruco filed an Answer.

On May 12, 2011, Defendant Pruco filed a Counterclaim against Plaintiff Stonebreaker and a Third-party Complaint against Kristin, Kelli, and Ryan Stonebreaker in Interpleader.

On June 1, 2011, Pamela Stonebreaker filed a Motion to Dismiss the Counterclaim and Third-party Complaint in Interpleader.

On June 3, 2011, Pruco filed a Motion to Interplead and Dismiss.

On June 17, 2011 Plaintiff Pamela Stonebreaker filed a Motion for Partial Summary Judgment on her breach of contract claim. On June 27, 2011, Defendant Pruco filed a Notice of Joinder to Defendant Union Security Insurance Company's Ex Parte Application for Continuance of Plaintiff's Summary Judgment Motion Pending Discovery which was filed in the case: *Stonebreaker v. Guardian Life Insurance Company of America, et al*, No. 11cv797 WQH (WVG).

On July 1, 2011, Defendant Pruco filed a Opposition to the Motion to Dismiss the Counterclaim and Third-party Complaint in Interpleader as well as an Opposition to the Motion for Partial Summary Judgment. On July 1, 2011, Plaintiff filed an Opposition to the Motion to Interplead and Dismiss.

On July 11, 2011, Defendant Pruco filed a Reply. On July 11, 2011, Plaintiff filed a Reply. On July 11, 2011, a guardian ad litem was appointed to represent the three minor

children, Kristin, Kellie, and Ryan Stonebreaker.

On August 30, 2011, Kristin, Kellie, and Ryan Stonebreaker filed an Answer to the Third-party Complaint in Interpleader.

On October 20, 2011, Pruco deposited the interpleader funds of $421,823.73 with the Clerk of the Court.

## II.    Motion to Interplead and Motion to Dismiss

Defendant Pruco seeks an order: (1) permitting Pruco to interplead $400,000.00 plus interest; (2) dismiss Pruco from the action with prejudice; (3) permanently enjoin any party from commencing any action or seeking payment of death benefits from Pruco; and (4) award Pruco attorney fees. Pruco contends that the parties are diverse, that Pruco has no interest in the funds, and that multiple possible claimants exposes Pruco to multiple liability.

Plaintiff seeks dismissal of the Counterclaim and Third-party Complaint in Interpleader on the grounds that Pruco has failed "to allege facts showing that there is actually more than one claimant seeking the Pruco policy benefits." (ECF No. 16 at 2). Plaintiff contends that she was married to Dr. Stonebreaker who purchased a life insurance policy from Defendant Pruco. Plaintiff contends that Dr. Stonebreaker died on January 16, 2010; however, Pruco has failed to pay the life insurance benefits to Plaintiff who is the primary beneficiary. Plaintiff contends that the insurance benefits are due and owing to her. Plaintiff contends that "California statutes provide that, when an insurance company has received no other written claim, it may safely pay life insurance benefits to the primary beneficiary without any risk of liability to an alternate beneficiary...." (ECF No. 16-1 at 3).

In the Counterclaim and Third-party Complaint in Interpleader, Defendant Pruco alleges that Dr. Stonebreaker took out a life insurance policy with Pruco. Defendant Pruco alleges that Dr. Stonebreaker died. Defendant Pruco alleges that Dr. Stonebreaker's death was ruled a homicide and Plaintiff Stonebreaker has not been ruled out as a suspect. Defendant alleges that Plaintiff Stonebreaker has made a claim on the death benefits and "[t]here have been no other claims ...." (ECF Nos. 7-8 at ¶ 17). Defendant alleges that: "[i]f it is determined that Pamela Stonebreaker was responsible for the Insured's murder, then she would forfeit any right to the

death benefits under both federal common law and California state law." *Id*. at ¶ 14. Defendant Pruco alleges that: "[i]f Pamela Stonebreaker is found to have forfeited her right to the death benefits, then it would be as if she predeceased the Insured. Pursuant to the terms of the policy, the death benefits would be payable to the Policy's contingent beneficiaries: Kristin Stonebreaker, Kellie Stonebreaker, and Ryan Stonebreaker, in equal shares." *Id*. at ¶ 15. Defendant alleges that it "is ready, willing and able to pay the death benefits" but it "cannot determine factually or legally who is entitled to the death benefits." *Id*. at ¶¶ 17-18.

Federal Rule of Civil Procedure 22 provides: "A defendant exposed to [claims that may result in double or multiple liability] may seek interpleader through a crossclaim or counterclaim." Fed. R. Civ. P. 22(a)(2). Pursuant to 28 U.S.C. § 1335,

> [t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more ... if
>
> (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim . . . to be entitled to such money or property ... and if
>
> (2) the plaintiff has deposited such money or property ... to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

"The court's jurisdiction under the interpleader statute extends to potential, as well as actual, claims." *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999) (affirming the grant of judgment in interpleader even though only one potential claimant to insurance proceeds had filed a claim due to the possibility of other claims) (citation omitted). In general, an insurer may assert an interpleader action where it is faced with multiple liability due to the primary beneficiary's potential disqualification under California Probate Code section 252. *United Investors Life Ins. Co. v. Grant,* 387 F. App'x 683, 686 (9th Cir. 2010) (holding that the insurer "knew enough details about the case by the time it filed a complaint in interpleader to justify its fear of multiple liability" on the grounds that "if [defendant to complaint in interpleader] were determined to have murdered her husband, [the insurer] could remain liable on the life insurance policy even if it had already paid her."); Cal. Prob. Code § 252 ("A named beneficiary of a ... life insurance policy ... who feloniously and intentionally

kills the ... person upon whose life the policy is issued is not entitled to any benefit under the ... policy ... and it becomes payable as though the killer had predeceased the decedent."); *see also Glass v. United States*, 506 F.2d 379, 383 (10th Cir. 1974) (noting that an interpleader action is "specifically designed" for cases in which the beneficiary of a life insurance policy may have murdered the insured).

However, where there is a single claimant to a fund and any potential claimants affirmatively disavow their interest in the fund, courts have found that the party seeking interpleader fails to meet its burden to demonstrate it is entitled to interpleader. *See e.g., Dunbar v. United States,* 502 F.2d 506, 510-11 (5th Cir. 1974) (holding that the government failed to meet its burden for interpleader where the sender of a package containing money claimed an interest in the fund, but the intended recipient "answered the interpleaded complaint with a positive denial of any right, title or interest in the fund."); *Vanderlinden v. Metro. Life Ins. Co.,* 137 F. Supp. 2d 1160, 1163 (D. Neb. 2001) (finding that insurer failed to meet its burden for interpleader where the other potential claimants "disavowed any interest in the insurance proceeds, and have prayed for dismissal of the third-party complaint."); *cf. N.Y. Life Ins. Co. v. Conn. Dev. Auth.,* 700 F.2d 91, 95 (2d Cir. 1983) (finding that interpleader was proper where insurance proceeds named three beneficiaries, one beneficiary claimed an interest in the fund, and the other two "refused to release their interests" in the fund then defaulted in the proceeding).

In this case, Pruco exists under the laws of Arizona and has its principal place of business in New Jersey. Plaintiff and Kristin, Kellie, and Ryan Stonebreaker are citizens of California. Plaintiff Stonebreaker is the primary beneficiary of Dr. Stonebreaker's life insurance policy. Kristin, Kellie, and Ryan Stonebreaker are contingent beneficiaries of the life insurance policy. Dr. Stonbreaker died and the life insurance benefits became due and payable. Dr. Stonebreaker's death was ruled a homicide. On August 31, 2010, Plaintiff Stonebreaker made a claim for the benefits; however, Plaintiff had not been ruled out as a suspect in her husband's death. To date, no other claims have been made on the insurance benefits; however, Kristin, Kellie, and Ryan Stonebreaker are contingent beneficiaries. On

August 30, 2011, Kristin, Kellie, and Ryan Stonebreaker filed an Answer to the Third-party Complaint in Interpleader. They have not disavowed their potential claims to the benefits.

The Court finds this case is an appropriate interpleader action under § 1335 on the grounds that: (1) there is diversity of citizenship between Pruco and Plaintiff, Kristin, Kellie, and Ryan Stonebreaker; (2) Pruco has demonstrated that it claims no interest in the funds; and (3) there are multiple possible claimants to the insurance benefits.

When a district court has jurisdiction over an action pursuant to § 1335, the court "shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361 ("In any ... interpleader under section 1335 of this title, a district court may ... enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."); *see also Mendez v. Teachers Ins. & Annuity Ass'n and College Retirement Equities Fund,* 982 F.2d 783, 787 (2d Cir. 1992) (holding that once it is determined that an interpleader action is appropriate, the court is entitled to discharge a plaintiff-stakeholder who has no interest in the disputed funds); *Valley Forge Life Insurance Company v. Dena Hulse,* Case No. C 06-6415 PJH, 2007 WL 2012740 at *2 (N.D. Cal. July 6, 2007)). However, "any injunction that is issued only can extend to litigation involving the fund that is the subject matter of the interpleader." *Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 680 (2d Cir. 1993) (citations omitted); *Prudential Ins. Co. of Am.v. Hovis*, 553 F.3d 258, 264 (3rd Cir. 2009) ("[W]here a claimant brings an independent [claim] against the stakeholder, the stakeholder is kept in the litigation to defend against the [claim], rather than being dismissed after depositing the disputed funds with the court.") (citation omitted). Where a separate claim proceeds against the disinterested stakeholder, interpleader jurisdiction is not defeated. *See Libby, McNeill, and Libby v. City Nat. Bank,* 592 F.2d 504, 507 (9th Cir. 1978) ("[T]he mere potentiality of independent stakeholder liability, separate from liability for the interpleaded fund, will not defeat interpleader jurisdiction.").

The Court concludes that Pruco is entitled to an injunction preventing prosecution

against it with respect to claims to the interpleaded funds pursuant to 28 U.S.C. § 2361.[1] However, Plaintiff has asserted a separate claim against Pruco regarding the investigation and processing of Plaintiff's claim.  Pruco is not entitled to an injunction preventing prosecution against it with respect to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

A party "should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962).  The court exercises its discretion to determine whether the amount of attorney fees which are requested is reasonable.  *See Tr. of Dir. Guild of Am.-Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000); *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982).  Generally, an insurer which institutes an interpleader to determine the rights of adverse claimants to policy benefits may recover attorney fees.  *See Mass. Mut. Life Ins. Co. v. Morris*, 61 F.2d 104 (9th Cir. 1932); *see also Treinies v. Sunshine Mining Co.*, 99 F.2d 651 (9th Cir. 1938) (holding that a corporation which instituted an interpleader to determine the rights of conflicting claimants to a particular stock was entitled to attorney fees).

In this case, Defendant Pruco seeks attorney fees but states: "[a]t the direction of the Court, Pruco will submit an accounting of its fees and costs."  (ECF No. 17 at 8).  The Court cannot conclude from the evidence whether Pruco should be awarded attorney fees. Defendant may file a supplemental motion for attorney's fees no later than fourteen days from the date of this order.

**IV.   Conclusion**

The Motion to Interplead and Dismiss filed by Pruco Life Insurance Co. (ECF No. 17) is GRANTED in part.  Pruco Life Insurance Co. is fully discharged from liability regarding the interpleaded funds.  The parties are enjoined from instituting or prosecuting any proceeding

---

[1] Plaintiff has also filed a Motion for Partial Summary Judgment seeking judgment on Plaintiff's claim for breach of contract due to Pruco's failure to pay the life insurance benefits to Plaintiff.  The claim for breach of contract is subject to the injunction preventing prosecution against Pruco with respect to the interpleaded funds.  Accordingly, the Motion for Partial Summary Judgment is DENIED.

1 in any State or United States court against Pruco Life Insurance Co. with respect to the
2 interpleaded funds until further order of the Court. The injunction does not apply to Plaintiff's
3 claim for breach of the implied covenant of good faith and fair dealing. The Motion to Dismiss
4 Pruco Life Insurance Co.'s Counterclaim and Third-party Complaint (ECF No. 16) and the
5 Motion for Partial Summary Judgment on the breach of contract claim (ECF No. 23) filed by
6 Plaintiff Pamela Stonebreaker are DENIED.

DATED: November 4, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge