UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STONEBREAKER, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>PRUCO LIFE INSURANCE COMPANY, a corporation,<br><br>  Defendant.<br><br>(AND RELATED CROSS-COMPLAINT AND THIRD-PARTY COMPLAINT) | CASE NO.: 3:11cv00871 WQH (WVG)<br><br>**ORDER DISBURSING THE PRUCO LIFE INSURANCE COMPANY POLICY MONEY PREVIOUSLY DEPOSITED WITH THE COURT** |

The Court has reviewed the joint motion by all parties to this action, including the plaintiff, Pamela Stonebreaker; the defendant, counterclaimant and third-party claimant Pruco Life Insurance Company ("Pruco"); and the Honorable Patricia Cowett, Guardian Ad Litem for minors Kristen Stonebreaker, Kelli Stonebreaker, and Ryan Stonebreaker ("the Stonebreaker children"), for an order disbursing the death benefit proceeds, claim interest and premium refund that became due under Individual Pruco Life Insurance number L5044422 ("Policy"), which is the subject of this lawsuit, and which were previously deposited with the Court.

All of the parties to this action have reached agreement on a comprehensive and global settlement to resolve this lawsuit in its entirety, the terms of which are as follows:

1. Plaintiff Pamela Stonebreaker and the Stonebreaker Children are enjoined from instituting or prosecuting any proceeding in any State or United States court against Pruco with respect to the Death Benefit deposited with the Court by Pruco on or about October 20, 2011, in the amount of $421,823.73, pursuant to the Court's November 4, 2011 Order (docket number 51) and pursuant to plaintiff Pamela Stonebreaker's voluntary settlement and dismissal of her claim for breach of the implied covenant of good faith and fair dealing, and Plaintiff Pamela Stonebreaker and the Stonebreaker Children release all rights under the Policy;

2. Defendant Pruco waives any claim for reimbursement of any portion of its attorneys' fees and costs;

3. the Death Benefit shall be released for the benefit of Plaintiff Pamela Stonebreaker and the Stonebreaker Children under the additional terms set forth below;

4. Plaintiff Pamela Stonebreaker and the Stonebreaker Children forever discharge Pruco from any and all liability relating to the Policy and/or the Death Benefit, and all parties herein are permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that they jointly and severally ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Pruco with respect to the Policy and/or the payment of the Death Benefit previously due thereunder; and

5. Plaintiff Pamela Stonebreaker will dismiss this entire action with prejudice, with all parties consenting to such dismissal, and with all parties to bear their own attorneys' fees and costs.  The parties have prepared and joined in, and

2

| | |
|---|---|
| 1 | Plaintiff Pamela Stonebreaker will submit, a second joint motion seeking a |
| 2 | dismissal with prejudice of this lawsuit in its entirety, including any and all |
| 3 | counterclaims, and third-party complaints, and expressly releasing Pruco |
| 4 | from any and all future liability as it relates to any and all current or future |
| 5 | claims by any party against Pruco with respect to the Policy and/or the |
| 6 | payment of the Death Benefit previously due thereunder. |

The Court finds good cause for the requested order. Accordingly:

IT IS SO ORDERED that pursuant to the parties' settlement, as soon as reasonably possible, the Clerk of the Court shall issue a check in the amount of $75,000 payable to "Law Office of Mark W. Hansen Trust Account." Within three business days of the date that such funds have been deposited and cleared the bank, Mr. Hansen shall disburse the entirety of such $75,000 to establish three separate Internal Revenue Code Section 529 college savings accounts, in the amount of $25,000 each, one for each of the three Stonebreaker Children, with the Stonebreaker Children listed as the beneficiaries of such accounts and their mother, Pamela Stonebreaker, listed as the person establishing and administering such accounts.

IT IS FURTHER ORDERED that within three business days after establishing the Section 529 college savings accounts as described above, Mr. Hansen shall prepare and file with the Court and serve on all parties a "Notice of Deposit of Funds" in which he will report on the status of the creation of such accounts, including the name of the bank or other federally insured savings institution and the account number for each of the Section 529 savings accounts.

IT IS FURTHER ORDERED that simultaneously with the $75,000 check described above, or as soon as possible thereafter, the Clerk of the Court should issue a separate check payable to "Pamela Stonebreaker and Mark W. Hansen, her attorney" in the amount of $346,823.73, plus whatever interest is payable on the deposit of the Death Benefit while it has been held in the Court's account from the date of the October 20, 2011 deposit with the Court until the date of the Court's payment of the two checks as described above. The

1  base amount (without interest) of this second check ($346,823.73) represents the balance
2  of the Pruco deposited funds, calculated as follows: $421,823.73 - $75,000 = $346,823.73.
3       The Clerk of the Court is authorized to deduct ten percent of the earned interest, as
4  authorized by the Judicial Conference of the United States.
5       IT IS SO ORDERED.

7  Dated: 11/18/11

WILLIAM Q. HAYES
U.S. District Judge